IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** <br><br> **FALLS OF BRAEBURN, LLC** <br><br> Debtor. <br><br> Tax I.D. No. 47-2823626 | § § § § § § § § § | Case No. 25-90602 <br><br> Chapter 11 |
| **In re:** <br><br> **FALLS OF CHELSEA LANE, LLC,** <br><br> Debtor. <br><br> Tax I.D. No. 82-3510511 | § § § § § § § § § § | Case No. 25-90603 <br><br> Chapter 11 |
| **In re:** <br><br> **NORTHWEST MIAMI GARDENS, LP,** <br><br> Debtor. <br><br> Tax I.D. No. 75-2876903 | § § § § § § § § § § | Case No. 25-90604 <br><br> Chapter 11 |
| **In re:** <br><br> **FALLS OF WESTPARK APARTMENTS, LTD.,** <br><br> Debtor. <br><br> Tax I.D. No. 59-3764983 | § § § § § § § § § § § | Case No. 25-90605 <br><br> Chapter 11 |

**DEBTORS' EMERGENCY MOTION FOR ENTRY
OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Falls of Braeburn, LLC,, Falls of Chelsea Lane, Northwest Miami Gardens, LP and Falls

of Westpark Apartments, Ltd., the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby file this *Emergency Motion for Entry of an Order (I) Directing Joint Administration of Related Chapter 11 Cases and (II) Granting Related Relief* (the "Motion"), and in support hereof, respectfully state as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Motion are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended and modified, the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## II. BACKGROUND

3. On November 3, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

4. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors in possession. No official committee has been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or examiner.

5. The Debtors are privately held entities in the business of real estate investment, specifically ownership and management of apartment complexes in Houston Texas. Falls of Braeburn, LLC ("Braeburn") owns a 292-unit complex located at 9707 Braeburn Glen Blvd. Falls of Chelsea Lane, LLC ("Chelsea") owns a 208-unit complex located at 8039 Boone Rd. North Miami Gardens, LP ("Miami") owns a 442-unit complex located at 9540 Kempwood Dr. Falls of Westpark Apartments, Ltd. ("Westpark") owns a 356-unit complex located at 6130 Southwest Freeway. The Debtors (and General Partners of the Debtors, as applicable) are wholly owned by Rao J. Polavarapu ("Polavarapu") who is also the managing member/partner of each Debtor.

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Siri Khalsa in Support of the Chapter 11 Petitions and First Day Motions* (the "Khalsa Declaration"), which has been filed with the Court and is incorporated herein by reference.

### III. RELIEF REQUESTED

7. By this Motion, the Debtors seek entry of an order, substantially in the form submitted herewith: (i) directing procedural consolidation and joint administration of their related Chapter 11 Cases; and (ii) granting related relief. The Debtors request that the Court maintain one file and one docket for the jointly-administered Chapter 11 Cases under the case of In re: Falls of Braeburn, LLC, and that the Court administer these Chapter 11 Cases under a consolidated caption, as follows:

4934-1965-2983, v. 2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Falls of Braeburn, LLC, *et al.*, | Case No. 25-90602 (CML) |
| Debtors.[1] | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Falls of Braeburn, LLC (3626), Falls of Chelsea Lane, LLC (0511), Northwest Miami Gardens (6903), and Falls of Westpark Apartments, LTD (4983). The Debtors' service address is 9303 Town Park Dr Fl 2, Houston, TX 77036-2441.

### IV.     BASIS FOR RELIEF REQUESTED

**A.     Joint Administration is in the Best Interests of the Estates**

8.     Bankruptcy Code section 105(a) empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 1015(b) provides that if "two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order joint administration of the estates." FED. R. BANKR. P. 1015(a). The primary considerations to be weighed by the Court when considering joint administration are: (i) protecting creditors of different estates against potential conflicts of interest; and (ii) avoiding unnecessary costs and delays. *See* FED. R. BANKR. P. 1015(c) (discussing factors to consider); *see also Wells Fargo Bank of Texas N.A. v. Sommers (In re Amco Ins.)*, 444 F.3d 690, 694-96 (5th Cir. 2006) (discussing, but declining to rule on, proper standard for substantive consolidation). Bankruptcy Local Rule 1015-1 provides additional authority for the Court to order joint administration of the cases.

9. The Debtors submit that joint administration of their Chapter 11 Cases is necessary and appropriate under the circumstances. The Debtors commenced the Chapter 11 Cases by filing voluntary petitions with the Court. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Pursuant to Bankruptcy Local Rule 1015-1, the instant Motion is filed in the Chapter 11 Case with the lowest case number.

10. The Debtors' financial affairs, management, and business operations are closely related. Many of the motions, hearings, and orders in the Chapter 11 Cases will affect each Debtor and its respective estate. Given the provisions of the Bankruptcy Rules and Bankruptcy Local Rules, the Debtors submit that joint administration will save substantial costs and prevent delays, which will serve the interests of estates and their creditors, and will in turn foster the most expeditious and economical administration of the estates. Moreover, the supervision of the administrative aspect of the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas will be simplified, and the Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files.

11. The rights of creditors will not be adversely affected by the joint administration of these Chapter 11 Cases, as the relief requested in this Motion is purely procedural. Indeed, this Motion is not intended to affect substantive rights and all creditors and parties in interest will maintain whatever rights they have under the Bankruptcy Code and applicable law, including asserting claims or other rights against a particular Debtor's estate. Thus, all creditors will benefit by the reduced costs that will result from the joint administration of the Chapter 11 Cases.

**B.     The Proposed Caption Complies with Applicable Rules**

12. Bankruptcy Rule 2002(n), which incorporates Bankruptcy Rule 1005, provides that notices under Bankruptcy Rule 2002 contain certain information, including the tax identification

number of each Debtor and any other names used by the Debtors in the previous eight years. FED. R. BANKR. P. 2002(n).

13. The Debtors submit that use of the simplified caption set forth above, without full tax identification numbers, will ensure a uniformity of pleading identification. All pleadings filed and each notice mailed by the Debtors will include a footnote listing each Debtor. All such pleadings will also include a note specifying that the Chapter 11 Cases are "Jointly Administered." Moreover, the petitions for each Debtor are publicly available to all parties in interest. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) and Bankruptcy Local Rule 1015-1 have been satisfied, and that waiver of this requirement is purely procedural in nature.

C. **Separate Docket Entries and Proofs of Claim**

14. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket in the Chapter 11 Case of In re: Falls of Braeburn, LLC to reflect joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of *Falls of Braeburn, LLC*, *et al*. The docket in Case No. 25-90602should be consulted for all matters affecting this case, and all further pleadings and other papers shall be filed in, and all further docket entries shall be made in Case No. 25-90602.

15. In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly-administered Debtors as a whole.

4934-1965-2983, v. 2

16. For these reasons, the Debtors submit that the relief requested in this Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interests and, should therefore be granted by the Court.

## V. EMERGENCY CONSIDERATION

17. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1(i) and Bankruptcy Rule 6003, which authorizes a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." FED. R. BANKR. P. 6003. The Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and the success of these Chapter 11 Cases. Failure to receive the requested relief during the first twenty-one days of these Chapter 11 Cases would disrupt the Debtors' operations and restructuring efforts. As such, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003, and the Debtors believe that emergency consideration is necessary and request that this Motion be heard at the first day hearing.

## VI. REQUEST FOR WAIVER OF STAY

18. To implement the foregoing immediately, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) to the extent such notice requirements and stay apply. As explained above, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify finding that notice requirements under Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as applicable.

4934-1965-2983, v. 2

## VII. **RESERVATION OF RIGHTS**

19. Nothing contained herein shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against any of the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (ii) an impairment or waiver of the Debtors' or any other party in interest's right to dispute any claim against, or interest in, any Debtor, its property or its estate; (iii) a promise or requirement to pay any prepetition claim; (iv) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (v) an implication or admission that any particular claim is of a type specified or defined in this Motion, or any order granting the relief requested by this Motion; (vi) an implication, admission, or finding as to (a) the validity, enforceability, or perfection of any interest or encumbrance on the property of any Debtor or its estate or (b) the applicability of any exception or exclusion from property of the estate under section 541 of the Bankruptcy Code or other applicable law; (vii) an impairment or waiver of any claims or causes of action which may exist against any entity; or (viii) a waiver of any Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## VIII. **NOTICE**

20. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## IX. **PRAYER**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form submitted herewith: (i) granting the relief requested in this Motion; and (ii) granting the Debtors such other and further relief as the Court may deem just and proper.

Respectfully submitted on the 3rd day of November, 2025.

        **OKIN ADAMS BARTLETT CURRY LLP**

        By: _/s/ Matthew S. Okin_
             Matthew S. Okin
             Texas Bar No. 00784695
             Email: mokin@okinadams.com
             Timothy L. Wentworth
             Texas Bar No. 21179000
             Email: twentworth@okinadams.com
             Madeline Schmidt
             Texas Bar No. 24130309
             Email: mschmidt@okinadams.com
             1113 Vine St., Suite 240
             Houston, Texas 77002
             Tel: 713.228.4100
             Fax: 346.247.7158

        **PROPOSED ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF ACCURACY PURSUANT TO B.L.R 9013-1(i)

     In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify the accuracy of the matters set forth in the foregoing Motion.

        By: _/s/ Matthew S. Okin_
             Matthew S. Okin